IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Rodney R. Dunlap; Kevin Good; Bernard Elam; Joel Neal; Mack Thompson, </br></br>    Plaintiff, </br></br> vs. </br></br> TM Trucking of the Carolinas, LLC, TNT Trucking of the Carolinas, Inc., T-N-T Trucking of York County, Inc., TNT Propane, Inc., and Tony McMillan, individually, </br></br>    Defendants. | C/A No.: 0:15-4009-JMC-SVH </br></br></br> REPORT AND RECOMMENDATION |

In this employment discrimination case, Rodney R. Dunlap, Kevin Good, Bernard Elam, Joel Neal, and Mack Thompson ("Plaintiffs") sue TM Trucking of the Carolinas, LLC, TNT Trucking of the Carolinas, Inc., T-N-T Trucking of York County, Inc., TNT Propane, Inc. ("Corporate Defendants"), and Tony McMillan ("McMillan") (collectively "Defendants"). Plaintiffs allege race discrimination pursuant to 42 U.S.C. § 1981. [ECF No. 1]. This matter comes before the court on Plaintiffs' motion for summary judgment. [ECF No. 31]. The motion having been fully briefed [ECF Nos. 32, 33], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration.

I.     Factual and Procedural History

On September 28, 2016, Plaintiffs filed this action against Defendants alleging that each Plaintiff was subjected to a racially-hostile working environment while employed by at least one of Corporate Defendants. [ECF No. 1]. Plaintiffs also alleged McMillan "operated the corporate Defendants as an integrated enterprise" and "exercises complete domination and control of each of them, including but not limited to the control of the corporate Defendants' labor relations and personnel functions." *Id*. at ¶ 15. On November 24, 2015, Defendants filed an answer to the complaint, denying the existence of a racially-hostile working environment and also denying McMillan operated the Corporate Defendants as an integrated enterprise. [ECF No. 19].

On April 22, 2016, Plaintiffs served written discovery, including their First Requests for Admission, upon Defendants' former counsel Tracy T. James and Mark R. Kutny ("Former Defense Counsel"). [ECF Nos. 31-3, 31-4]. On May 10, 2016 and May 23, 2016, Former Defense Counsel filed motions to withdraw as counsel. [ECF Nos. 23, 24]. On June 15, 2016, the undersigned granted Former Defense Counsel's request to withdraw as counsel of record. [ECF No. 24]. On June 21, 2016, Defendants' current counsel filed their notice of appearance. [ECF No. 27].[1]

---

[1] At a June 1, 2016 hearing attended by Former Defense Counsel and Plaintiffs' counsel, the Honorable Margaret B. Seymour, United States District Judge, granted Former Defense Counsel's motion to withdraw as counsel of record in the associated *Benson* case. *See Benson v. TM Trucking of the Carolinas, LLC, et. al.*, No. 0:15-1514-MBS at

On June 27, 2016, Plaintiffs filed their motion for summary judgment against Defendants. [ECF No. 31]. Defendants' current counsel state they received the complete case file from Former Defense Counsel on June 28, 2016. According to Defendants, prior to filing their motion for summary judgment, Plaintiffs' counsel never communicated with Defendants' current counsel about Plaintiffs' requests for admission or other discovery requests, despite having had numerous interactions via telephone and electronic mail.

## II.     Discussion

Under the circumstances of this case, the undersigned recommends Plaintiffs' motion for summary judgment be denied without prejudice. Plaintiffs filed their motion for summary judgment approximately a week after Defendants' current counsel filed their notice of appearance in this action. Simultaneous with making an appearance in this case, current defense counsel requested an extension to the scheduling order, citing the desire to conduct further discovery and schedule mediation. [ECF No. 28]. Therefore, a week before Plaintiffs filed the instant motion, Defendants had expressed a need for additional discovery to defend the case. *Id*. In their briefing, Plaintiffs have provided no showing that they will be prejudiced if the court allows Defendants a full opportunity for discovery before considering a motion for summary judgment.

Additionally, the undersigned finds that Defendants should be allowed to withdraw or amend their prior admissions, which were deemed admissions based solely

---

ECF No. 65. On June 3, 2016, Defendants' current counsel filed their notice of appearance in *Benson*. *Id*. at 68.

on Defendants' failure to timely serve responses to Plaintiffs' requests for admissions. This court has previously noted:

> Under Rule 36(a)(3), the court may allow additional time to respond, or under Rule 36(b) the court may, on motion, "permit[ ] the admission to be withdrawn or amended." Furthermore, "[a] formal written motion to withdraw is not necessary. A request to withdraw usually may be made orally or may be imputed from a party's action. Courts have even found that a late response to requests for admission is equivalent to a withdrawal of a deemed admission." 7 *Moore's Federal Practice* § 36.13 (Matthew Bender 3d ed.) (citing *Quasius v. Schwan Food Co.,* 596 F.3d 947, 952 (8th Cir. 2010)). Moreover, where the untimely filing of responses to requests to admit contains answers similar to denials contained in the same defendant's answer, those untimely responses may be deemed the "functional equivalent of a motion to withdraw admissions made under Rule 36(b)." *Quasius,* 596 F.3d at 951 (citing *Warren v. Int'l Brotherhood of Teamsters,* 544 F.2d 344, 339–40 (8th Cir. 1976)).

*Natl. Specialty Ins. Co. v. AIG Dom. Claims, Inc.*, C/A No. 6:10-826-JMC, 2011 WL 1630948, at *2 (D.S.C. Apr. 29, 2011). Here, Defendants responded to the requests for admissions on July 13, 2016. Additionally, Plaintiffs have not demonstrated any prejudice if Defendants are allowed to withdraw or amend the admissions. *See* 7 *Moore's Federal Practice* § 36.13 (Matthew Bender 3d ed.) ("Because a late response to a request for admission may be treated as an amendment to an admission, the two-pronged test, evaluating whether the withdrawal or amendment would (1) promote the presentation on the merits and (2) prejudice the requesting party in maintain or defending the action on the merits, applies."). Therefore, Defendants' July 13, 2016 responses are deemed a withdrawal or amendment of their previous admissions.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiffs' motion for summary judgment be denied without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 21, 2016                                      Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).