IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney R. Dunlap; Kevin Good; Bernard Elam; Joel Neal; Mack Thompson,, | ) ) ) ) | C/A No.: 0:15-4009-JMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| TM Trucking of the Carolinas, LLC, TNT Trucking of the Carolinas, Inc., T-N-T Trucking of York County, Inc., TNT Propane, Inc., and Tony McMillan, individually,, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| U.S. Equal Employment Opportunity Commission, | ) ) ) | C/A No.: 0:16-3029-JMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

In September 2015, Rodney R. Dunlap, Kevin Good, Bernard Elam, Joel Neal, and Mack Thompson ("Dunlap Plaintiffs") sued TM Trucking of the Carolinas, LLC, TNT Trucking of the Carolinas, Inc., T-N-T Trucking of York County, Inc., TNT

1

Propane, Inc., and Tony McMillan ("McMillan") (collectively "Defendants") in Civil Action No.: 0:15-4009-JMC-SVH. Almost a year later, the EEOC filed suit against T-N-T Trucking of York County, Inc. and TM Trucking of the Carolinas, LLC in Civil Action No. 0:16-3029-JMC-SVH. These cases come before the court on Defendants' motion for consolidation. [ECF Nos. 60 and 25, respectively].[1] The court heard argument on the motion at a telephonic hearing on March 16, 2017. For the reasons that follow, the court denies the motion to consolidate, but orders the parties to participate in a joint mediation.

Generally, a court may consolidate actions involving a "common question of law or fact." Fed. R. Civ. P. 42(a)(2). Before consolidating the actions, the court must weigh the prejudice that will result to the parties and the risks of possible juror confusion. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *see also* Fed. R. Civ. P. 42(b) (stating that a court may order a separate trial "to avoid prejudice, or to expedite and economize.").

Although both cases have common questions of law and fact, Dunlap Plaintiffs argue they will be prejudiced by a consolidation, as they have completed discovery and would be force to expend more time and money if the court were to consolidate the cases. They also argue that there is a strong likelihood of jury confusion, as the cases do not include identical parties or claims. The EEOC agrees with Dunlap Plaintiffs that there is a high risk of jury confusion if the cases were consolidated. The EEOC also argued that it

---

[1] The Honorable Kaymani D. West, United States Magistrate Judge, previously granted the motion in C/A No. 0:16-3029-JMC-SVH in to the extent it requested the case be transferred to the same judges. [ECF No. 26].

has distinct litigation interests from those of Dunlap Plaintiffs. The court notes that the cases have proceeded on different scheduling orders and discovery has closed in *Dunlap*.

The undersigned finds that any commonality in the complaints is outweighed by the risk of jury confusion to all plaintiffs in facing a potential consolidated trial. In addition, consolidation would prejudice the Dunlap Plaintiffs because of the time and expense necessary to continue litigating the case, particularly because they have completed the discovery necessary for their case. Further, Dunlap Plaintiffs would be prejudiced by the delay that would be caused by the extension of the scheduling order deadlines. For these reasons, the court denies the motion to consolidate.

However, the undersigned finds that it would promote judicial economy for the parties to participate in a joint mediation. The court notes its order of March 16, 2017, directing that parties in both cases to participate in mediation in April 2017 before Frank Shuler.

IT IS SO ORDERED.

March 17, 2017                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge